BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PATRICK D. KIBBE (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6482
    Facsimile: (213) 894-0141
    E-mail:   patrick.kibbe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00669-AH |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MARIA DE JESUS GARCIA, | |
| Defendant. | **CURRENT TRIAL DATE:** October 7, 2025<br>**PROPOSED TRIAL DATE:** November 18, 2025<br><br>**CURRENT STATUS CONFERNECE:** September 17, 2025<br>**PROPOSED STATUS CONFERENCE:** October, 29, 2025 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Patrick D. Kibbe, and defendant Maria De Jesus Garcia ("defendant"), both individually and by and through her counsel of record, Rose Statman, hereby stipulate as follows:

1. The Indictment in this case was filed on August 12, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 28, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 21, 2025.

2. On August 22, 2025, the Court set a trial date of October 7, 2025, and a status conference date of September 10, 2025. On August 25, 2025, on the Court's own motion, the Court rescheduled the status conference to September 17, 2025.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately one to two days.

4. By this stipulation, defendant moves to continue the trial date to November 18, 2025, and the status conference to October 29, 2025. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act

    a. Defendant is charged with two counts of violating 18 U.S.C. 111(a)(1), Assault on A Federal Officer Or Employee, and one count of violating 18 U.S.C. 111(a)(1),(b), Assault on A Federal Officer Or Employee resulting in bodily injury. The government has produced discovery to the defense, including written reports, photos, and videos.

    b. Defense counsel represents that she has the following trial conflicts included in Attachment A. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

   c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

   e. The government does not object to the continuance.

   f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 7, 2025 to November 18, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and iii failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 19, 2025         Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  Acting United States Attorney

                                  JOSEPH T. MCNALLY
                                  Assistant United States Attorney
                                  Acting Chief, Criminal Division


                                       /s/
                                  PATRICK D. KIBBE
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

   I am Maria De Jesus Garcia's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision

to give up the right to be brought to trial earlier than November 18, 2025 is an informed and voluntary one.

_/s/_ _Rose Statman_    9/16/25
Rose Statman                September 16, 2025
Deputy Federal Public Defender
Attorney for Defendant
Maria De Jesus Garcia

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 18, 2025. I understand that I will be ordered to appear in Courtroom 9C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on November 18, 2025 at 8:30 am.

_Maria De Jesus Garcia_        September 16, 2025 _Maria Garcia_
MARIA DE JESUS GARCIA          September    , 2025
Defendant

5

Attachment A

Defense counsel has the following trial conflicts:

i. A trial in United States v. Michael Baca, Case No. 5:24-cr-00133-JAK, a single defendant charged with one count of assault on a federal employee. It is set to begin on October 21, 2025 and is expected to last approximately two days.

ii. A trial in United States v. Josiah Ortiz Quintano, 2:25-CR-00611-ODW, a single defendant charged with one count of possession with intent to distribute a controlled substance. It is set to begin on October 14, 2025 and is expected to last approximately three days.

iii. A trial in United States v. Xochitl Viramontes, Case No. 2:25-cr-00613-CV-01, two defendants charged with conspiracy, distribution of hydrocodone, acquiring controlled substances through fraud and deceit, unlawful use of unauthorized access devices, and aggravated identity theft. It is set to begin on October 14, 2025 and is expected to last approximately four to five days.

iv. A trial in United States v. Marvin Pierce, Jr., Case No. 2:25-cr-00266-MEMF, a single defendant charged with one count of being a felon in possession of a firearm. It is set to begin on November 3, 2025 and is expected to last approximately two days.

v. A trial in United States v. Eustolia Martinez Pacheco, Case No. 2:25-cr-00598-SB, a single defendant charged with illegal reentry after deportation. It is set to begin on November 3, 2025 and is expected to last approximately two days.

vi. A trial in United States v. Vincent Chung-Wing Chow, Case No. 2:25-mj-03411, a single defendant charged with possession with intent to distribute cocaine. Trial is set to begin on December 9, 2025 and is expected to last three days.

vii. A trial in United States v. Monique Guerrero, Case No. 2:24-cr-00618-JAK, a single defendant charged with one count of possession with intent to distribute a controlled substance. A stipulation is pending to continue trial from September 25, 2025 to December 16, 2025.

viii. A trial in United States v. Ishmael Kirkland, Case No. 2:25-cr-00119-ODW-01, three defendants charged with conspiracy to

distribute controlled substances, possession with intent to distribute controlled substances, and maintaining drug-involved premises. It is set to begin on March 3, 2026 and expected to last five days.

Defense counsel represents that she has the additional case currently in the complaint stage:

    i.    <u>United States v. Denilson Yeyson Cajbon Gomez</u>, 2:25-mj-04924-DUTY, a single defendant charge with possession of a gun by a noncitizen. Post indictment arraignment is set for September 18, 2025.